James GRADY, Jr., Petitioner—Appellant,

v.

M. YARBOROUGH, Warden, Respondent—Appellee.

No. 04–55897.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 6, 2005.

James Grady, Jr., Lancaster, CA, pro se.

Sara Gros–Cloren, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

James Grady appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his California convictions for first degree murder and residential robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's denial of the petition for writ of habeas corpus de novo. *Fernandez v. Roe,* 286 F.3d 1073, 1076 (9th Cir.2002). We cannot grant § 2254 habeas relief unless the underlying state decision is contrary to or an unreasonable application of clearly established law. 28 U.S.C § 2254. The state court decision must be objectively unreasonable. *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). We affirm.

Grady argues that trial counsel was ineffective for failing to object when the trial court gave CALJIC 4.20, the voluntary intoxication instruction for general intent crimes. The sole issue on appeal is wheth-er the California courts' holding that Grady has not established prejudice is an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice, Grady must establish a reasonable probability that, absent the improper jury instruction, the jury would have found him guilty of the lesser included offenses. *Id.* at 695, 104 S.Ct. 2052 ("reasonable doubt respecting guilt"). We consider the totality of the evidence before the jury to determine prejudice. *Id.*

Considering the totality of the jury instructions, evidence before the jury, and arguments of counsel, the California courts' finding of no prejudice is not objectively unreasonable. The trial court immediately followed the incorrect instruction with the correct instruction for the crimes of murder and first degree robbery, CALJIC 4.21. While the first instruction generally stated that voluntary intoxication was not a defense, the second instruction specifically informed the jury that it should consider intoxication to determine whether Grady formed the necessary mental states for the specific intent crimes of murder and robbery. In addition, counsels' arguments focused exclusively on whether Grady's voluntary intoxication negated the necessary mental states for the specific intent crimes and both counsel specifically referred the jury to the correct instruction. There is no evidence in the record of jury confusion.

Finally, the evidence before the jury clearly supported the convictions. There was scant evidence of intoxication and the impact of that intoxication on Grady's ability to premeditate and deliberate. In contrast, there was overwhelming evidence of premeditation. Grady has not established a reasonable probability that, absent the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

improper jury instruction, the jury would have found Grady guilty of the lesser included offenses of manslaughter, grand theft, or petty theft.

AFFIRMED.